GILBERT DONIOL

v.

THE COMMERCIAL FIRE INSURANCE COMPANY OF THE CITY OF NEW YORK.

A policy of insurance was issued to and in the name of the complainant's wife, on his property, upon her application. Complainant alleged that the policy was taken out by her in her own name instead of his, by mistake on on her part. Reformation after loss refused, on the ground that there was no proof of mutual mistake, nor of fraud on the part of the company.

---

Bill to reform policy of insurance. On final hearing on pleadings and proofs.

*Mr. W. P. Douglass,* for complainant.

*Mr. R. E. Chetwood* and *Mr. Coursen,* of New York, for defendants.

THE CHANCELLOR.

The object of this suit is to reform a policy of insurance against loss or damage by fire, issued by the defendant in favor of the complainant's wife, on her application, on the 4th of March, 1875. The complainant alleges that the policy was in fact taken out for him, and that his wife's name was inserted

Doniol *v.* Commercial Fire Ins. Co.

therein instead of his own, through mistake. The proof is, that when it was taken out there was already a policy for $3,000 on the property (which was a dwelling-house, and the furniture therein, in Carrieville, in Bergen county), issued by the Williamsburgh City Fire Insurance Company, December 24th, 1874, to the complainant, in his own name. Shortly before the application to the defendant was made, the complainant's wife took out a policy from the State Insurance Company, in her own name, for the like amount—$3,000—on the same property, and the policy issued by the defendant was also for the same sum and on the same property. The property was destroyed by fire in nine days after these two last-named policies were taken out. The application which resulted in the issuing of the policy by the defendant, was made to Reinhold Bœklen, jun., an insurance agent in New York, but inasmuch as the company of which he was agent, (the Hanover Insurance Company,) declined all risk where the property was not in the city of New York, he, at Mrs. Doniol's request, undertook to obtain the insurance for her from another company. She requested that the policy should be issued in her name, and he made application for her accordingly. There is no evidence whatever of any mutual mistake on the part of the parties to this suit in the issuing of the policy, or of any fraud on the part of the defendant. The latter issued the policy in accordance with the application. The Williamsburgh policy was indeed delivered to it, but it was so delivered merely to give the description of the property, and when it was delivered there was attached to it a piece of paper on which Mrs. Doniol's name was written. It is argued, and the complainant's case rests on that claim, that the defendant had notice by the Williamsburgh policy that the property was the complainant's, and not his wife's. But the application was for a policy in the name of Mrs. Doniol, and she represented that she was the owner of the property. The defendant was, of course, right in issuing the policy to her accordingly.

The bill will be dismissed, with costs.