SAMUEL GROSS and PASSIE GROSS, complainants-appellants,

*v.*

WILLIAM YESKEL and SAMUEL YESKEL, partners, &c.,
defendants-appellees.

[Argued May term, 1926.   Decided October 18th, 1926.]

1. Equity will not in one proceeding grant reformation of a contract and specific performance thereof.

2. A mistake, to warrant a reformation of a contract, cannot be unilateral, but must be mutual.

---

On appeal from a decree of the court of chancery advised by Vice-Chancellor Backes, whose opinion is reported in *98 N. J. Eq. 64.*

*Messrs. Silberman & Grossman,* for the complainants-appellants.

*Mr. Philip J. Schotland,* for the defendants-appellees.

The opinion of the court was delivered by

MINTURN, J.

The learned vice-chancellor dismissed the bill, and this appeal results therefrom. The bill was filed originally upon the theory of reformation of an agreement, and specific performance of the agreement when thus reformed. It appearing upon the hearing that equity will not in one proceeding concede such dual relief (*Wirtz* v. *Guthrie, 81 N. J. Eq. 271*) the bill was amended to include only a prayer for reformation, and the hearing proceeded upon that theory.

The complainants contracted for the purchase of certain property from the Kreuger Brewing Company, consisting of lands and premises known as "The Old Trefz Brewing Company," covenanting not to use the property for brewery purposes, and permitting the Kreuger company to remove certain personalty from the premises. Before accepting title complainants entered into a preliminary contract with defendants, who agreed to take the property subject to the same conditions as the complainants had contracted to receive it from the Kreuger company. The defendants' attorney drew the final contract, but failed to include the covenant regarding the brewery and its use. The contract, after examination by complainants' attorney, was approved without the restrictive clause. The defendants refused to accept title, claiming that they were not informed of the restrictions, and because complainants were without title when the deed was offered to defendants for acceptance, and this bill was then filed.

It is manifest that the parties to this agreement have not agreed to the same thing in the same sense, so that there was lacking in the situation the meeting of the minds of the contracting parties, which forms the essential element to the valid consummation of a contract.

Reformation, as an equitable doctrine, proceeds upon the theory that a valid contract was created by the negotiations of the parties, but by mutual mistake is wanting in formal expression or execution, so as to evince the actual intent of

the parties. *Birch* v. *Baker, 81 N. J. Eq. 264; Cochran* v. *Burns, 91 N. J. Eq. 7; 23 R. C. L. 327,* and cases cited.

In any event, therefore, the mistake which will warrant reformation cannot be unilateral, but must be mutual, otherwise the sole ground for equitable interference is not presented by the proofs. Such, manifestly, was the situation presented in the case *sub judice,* and for that reason the learned vice-chancellor properly disposed of the case.

The decree appealed from will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, JJ. 14.

*For reversal*—None.