BERNARD BERKOWITZ, complainant-respondent,

*v.*

WESTCHESTER FIRE INSURANCE COMPANY, defendant-appellant.

[Submitted February term, 1930.  Decided May 19th, 1930.]

*Mr. Arthur T. Vanderbilt,* for the defendant-appellant.

*Messrs. Dembe & Dembe,* for the complainant-respondent.

The opinion of the court was delivered by

KAYS, J.

The bill in this case was filed by the complainant-respondent for the purpose of having a policy of fire insurance reformed which had been issued by the defendant, the Westchester Fire Insurance Company, to the said complainant, Bernard Berkowitz. The policy as issued, covered by its terms, the interest of the complainant as owner of certain store fixtures contained in a store in the city of Bayonne which he owned and which he had leased to one Herman Gold. The building had been leased to Gold for a term of five years beginning January 1st, 1925, with the right of renewal for an additional term of five years. At the time of the execution of the lease, the complainant, Berkowitz, gave Gold a bill of sale covering the fixtures in the store. Under this lease, the complainant, Berkowitz, had an option to repurchase these fixtures for $1,500 at the conclusion of the five-year term if Gold did not exercise his option to renew the lease for an additional term. The lease also gave Berkowitz a lien on the fixtures as security for the payment of rent to him under said lease. The lease also provided that should the fixtures be destroyed by fire the option to repurchase the same by Berkowitz would be of no force or effect. Berkowitz, believing that Gold might burn the property, applied to one Newman, a brother-in-law and an insurance agent, for a policy of insurance covering the fixtures. Berkowitz claimed that he showed Newman the lease between him and Gold and directed Newman to obtain the necessary insurance. Newman, at the time, had desk room in the firm of John E. Muller & Sons, general fire insurance agents for the defendant company. Newman gave the said John E. Muller & Sons a memorandum containing the name of the complainant, Berkowitz, and the amount of insurance desired. The policy of fire insurance was prepared in the usual form insuring the complainant, Berkowitz, as owner of the fixtures and without containing any endorsement showing that the com-

plainant had only a special interest in the fixtures under an option to purchase. The policy of insurance was delivered by John E. Muller & Sons to Newman who later delivered it to the complainant, Berkowitz. Berkowitz testified that he did not examine the policy. The policy of insurance was issued on or about March 12th, 1926, and ran for a period of one year. Two fires occurred in the premises, the first on December 12th, 1926, and the second on January 16th, 1927, the second fire resulting in a total destruction of the fixtures. The plaintiff claims that he received the policy three or four weeks after it was issued. Between the time of the receipt of the policy by the complainant and the occurrence of the fires the plaintiff retained the policy without objection and without calling the attention of the defendant company, or its agent, to any mistake which might have been contained therein. The agent, Newman, did not disclose to the general agent, John E. Muller & Sons, nor to the company, the fact that the complainant was having trouble with the tenant and that he feared a fire might occur, destroying or damaging the fixtures. There was testimony that a Mr. Smith, of John E. Muller & Sons' office, had a talk with the complainant by telephone and that the complainant admitted he had not shown the lease to the agent, Newman. This, however, was contradicted by Berkowitz. After the fire occurred the complainant demanded payment of the value of the fixtures covered by the policy. The defendant company refused to make payment, and the bill to compel a reformation of the policy was then filed, praying that the policy be reformed to read: "That it is intended to cover the interest of the complainant under the agreement with Herman Gold dated December 22d, 1924, rather than that the complainant is the owner of the said property described in the said policy of insurance," &c.

The learned vice-chancellor, who heard the case advised a decree granting the relief sought, basing his opinion upon the conclusion that when the policy was issued it was not intended to read as it was written but intended to protect

the interest of the complainant, Berkowitz, whatever it might be in the fixtures, against loss by fire.

We are of the opinion that the conclusion of the vice-chancellor was erroneous. The complainant did not contend that fraud was practiced by the defendant company upon the complainant, nor did the complaint allege fraud. This case is similar to the case of *Sardo* v. *Fidelity and Deposit Company of Maryland, 100 N. J. Eq. 332,* in which this court stated the rule, as laid down in this state in reference to reformation of contracts, to be as follows:

"That in order to reform a contract of insurance or other written contract in the absence of fraud on the part of the defendant it must appear that the minds of the parties to said contract have met and that a mutual mistake of the contracting parties has been made in writing out the contract, so that the parties appear to have entered into a contract, which they have not entered into. The reformation, therefore, of such a contract must be to make the written contract to conform to that upon which the minds of the parties have met."

This same rule was also laid down by this court speaking through Chancellor Walker in the case of the *Crescent Ring Co., Inc.,* v. *Travelers' Indemnity Co., 102 N. J. Law. 85.*

The complainant in this case had the policy of insurance, as written, in his possession for six or seven months and it was his duty when the policy was received to promptly examine it and if it did not contain the proper conditions or provisions to at once notify the company of such fact and of his refusal to accept the policy. This the complainant did not do. This rule was also laid down in the case of the *Crescent Ring Co., Inc.,* v. *Travelers' Indemnity Co.,* and in the case of *Sardo* v. *Fidelity and Deposit Company, &c.,* above cited. There is grave doubt in this case as to whether the agent, Newman, even if he knew of the conditions of the lease between the complainant and Gold, disclosed to the general agents, Muller & Sons, those conditions. If he had disclosed such conditions to the general agents and such conditions

of the lease had come to the attention of the company it is doubtful whether the company, knowing these conditions and knowing that the complainant feared that a fire might occur, would have issued a policy covering Berkowitz's real interest in the property.

We are, therefore, of the opinion that the policy should not be reformed as prayed for in the bill of complaint and the decree of the court below is reversed, with costs.

*For affirmance*—None.

*For reversal*—The Chief-Justice, Trenchard, Parker, Campbell, Lloyd, Case, Bodine, Van Buskirk, McGlennon, Kays, Hetfield, Dear, JJ. 12.