On December 23d 1933, the defendant insurance company by its agent, Arthur J. Sullivan, issued its policy insuring one Harry Kuller for the term of three years, from January 21st, 1934, against loss or damage by fire, to an amount not exceeding $8,000, to the property located at 11 Randolph street, in the city of Passaic, New Jersey. On December 6th, 1936, and while said policy was still in full force and effect, the property in question was completely destroyed by fire. Thereafter complainant, as sole owner of said property, filed the present bill of complaint under which she now seeks to have the policy reformed so that the name of the insured thereunder will read "Minnie Kuller" instead of Harry Kuller. *Page 474 
The basis of the relief thus sought is not fraud but mere mistake in the drafting of the policy now in issue.
An examination of the evidence adduced fails to disclose any testimony, not even by the complainant herself, of her ever having expressly requested defendant's said agent, or of his ever having expressly undertaken or agreed, to insure her against loss or damage, by fire or otherwise, to the property in question. The uncontradicted proof is clearly to the contrary.
Complainant, however, did endeavor to show that defendant's said agent knew, at the time of his having issued the policy in question, that she, and not her husband, Harry Kuller, was the owner of the property therein specified; and that he, therefore, impliedly or inferentially undertook and agreed to insure her as the owner thereof; and in fact led her to believe that he had done so. In this connection and for that purpose, she testified that, with the exception of the brief occasion on January 8th, 1934, when she conveyed the property to one Moritz Stuhlbach merely for the purpose of enabling him to qualify as surety under a bail bond then entered into by him, she has been the owner in fee of the premises in question ever since 1922; that although she paid defendant's said agent the premium for the policy, she never asked for nor received it or a certificate thereof from him; that she told him, at the time when she paid him the premium for said policy, that she was the owner of the property in question; that he advised her against carrying over insurance and, pursuant to his demands, showed him receipted tax bills, which showed her to be the owner of the property in question; and that he was present in 1922 at the time of the closing when she acquired the title to the property in question.
The undisputed evidence, however, discloses that the said premium was not paid by her until April 4th, 1934; while the receipted tax bills were not shown by her to defendant's said agent until June, 1934; both of which dates were, of course, subsequent to December 23d 1933, and January 21st, 1934, the dates on which the policy was issued and became effective, respectively. No claim was here made that the *Page 475 
defendant, excepting for the policy in question, had ever undertaken any liability to any one whomsoever with respect to the property in question; the insurance thereon having been previously carried with other companies. The policy in question was written up by an employe of defendant's agent, from the insurance records in his office, on all of which Harry Kuller appeared as owner of the property, in renewal of the policy which was about to expire on January 21st, 1934.
Hence, assuming, but not deciding, that all of the hereinabove mentioned facts and circumstances, as testified to by complainant, would, if free from dispute, be legally sufficient to establish the contract or undertaking on the part of defendant here claimed by her, nevertheless these proofs, in view of their controverted character, fall far short of meeting the requirements of the rule enunciated in this state, and only after the fulfillment of which she would be entitled to the here sought reformation of the policy in issue.
The adjudicated cases, in this state at least, have uniformly held that a court of equity will not grant the high and extraordinary remedy of reformation except upon the production of proof, clear, convincing and free from doubt, that the contract in its reformed, and not original, form is the one that the contracting parties understood and meant it to be; and as, in fact, it was but for the alleged mistake in its drafting.Rowley v. Flannelly, 30 N.J. Eq. 612; Hupsch v. Resch,45 N.J. Eq. 657; affirmed, 46 N.J. Eq. 609; Green v. Stone,54 N.J. Eq. 387; Ordway v. Chace, 57 N.J. Eq. 478; Koch v.Commonwealth Insurance Co., 87 N.J. Eq. 90; Doniol v.Commercial Fire Insurance Co., 34 N.J. Eq. 30; Henderson v.Stoker, 42 N.J. Eq. 586.
Defendant's agent, Arthur J. Sullivan, testified on its behalf that the first notice or knowledge which he ever acquired that complainant, and not her husband, Harry Kuller, was the owner of the property in question was not until several days after the fire had occurred. Hence, complainant's testimony, standing, as it does, uncorroborated and contradicted in this and several other respects, renders it impossible for the mind to reach a strong conviction as to *Page 476 
whether or not defendant's agent, prior to or at the time of the issuance of the policy in question, was aware of complainant's ownership of the property therein specified.
Considered in the light most favorable to her, complainant's evidence manifests, at most, a mere intention on her part to insure said property in her name as owner; but wholly fails to show the existence of a similar intention on the part of defendant or its said agent. Consequently, it falls far short of establishing the existence of a mutual mistake, in which event alone, she, under the allegations of the bill and the proofs adduced, would be entitled to have the policy reformed. It, at most, demonstrates the existence of a unilateral, not mutual, mistake; and one, by reason of which this court will not, in the absence of proof of fraudulent knowledge and procurement on the part of the defendant, decree a reformation in her favor. Green
v. Stone, supra; Ordway v. Chace, supra; Giammares v.Allemannia Fire Insurance Co., 91 N.J. Eq. 114; Gross v.Yeskel, 100 N.J. Eq. 293; Sardo v. Fidelity and DepositCompany of Maryland, Ibid. 332; Klass v. Boston Insurance Co.,103 N.J. Eq. 531; affirmed, 104 N.J. Eq. 492; Downs v. JerseyCentral Power and Light Co., 117 N.J. Eq. 138.
Consequently, where, as here, the policy in question correctly expresses the intent and undertaking of the defendant, even though it does not that of the complainant, reformation must be denied (Green v. Stone, supra; Giammares v. Allemannia FireInsurance Co., supra; Sardo v. Fidelity and Deposit Company ofMaryland, supra; Gross v. Yeskel, supra; Klass v. BostonInsurance Co., supra; Berkowitz v. Westchester Fire InsuranceCo., 106 N.J. Eq. 238); for otherwise defendant would be compelled to become a party to a contract which the evidence shows it neither made nor intended to make.
The foregoing conclusions require a dismissal of the bill and such will be the decree of this court. *Page 477