Complainant, Anthony Parrette, prays the court to decree that a policy of insurance issued by the defendant Citizens Casualty Company of New York may be decreed to have been issued by mistake or accident and that said policy of insurance may be reformed so as to include coverage of a Packard sedan, serial number 714330, motor number 378130.
On and prior to June 1st, 1938, complainant was the owner of three Packard sedan automobiles which he operated as taxicabs in the city of Plainfield, New Jersey. R.S. (1937), 48:16-2
requires the consent of the governing body of a municipality to operate a taxicab. R.S. (1937), 48:16-3 provides that no such consent shall become effective until the owner of the taxicab shall have filed with the clerk of the municipality an insurance policy of a company duly licensed to transact business under the insurance laws of this state in the sum of $5,000 against loss by reason of the liability imposed by law for damages on account of bodily injury or death suffered by any person as the result of an accident occurring by reason of the ownership, maintenance or use of such taxicab upon any public street.
Complainant insured said three Packard taxicabs in the Eureka Casualty Company, filed the policy with the city clerk as required by the statute and obtained a permit to operate said cars.
The Eureka Casualty Company policy expired by its terms on June 1st, 1938, and complainant was notified by the Frederick A. Martin Company, insurance brokers, that the Eureka Casualty Company had ceased to write insurance covering the operation of taxicabs. The Frederick A. Martin Company *Page 329 
upon being requested to obtain insurance in some other company, wrote a letter dated May 23d 1938, to the Citizens Casualty Company of New York requesting the rate for insurance of taxicab risks and what brokerage commission would be allowed. The defendant company having signified its willingness to insure Parrette's cars, the Frederick A. Martin Company by letter dated May 27th, 1938, set forth therein the serial and motor numbers of the three cars of complainant to be covered by insurance, one of which cars was therein described as Packard Sedan, 1932, Serial No. 464477, Motor No. 324826. On June 1st, 1938, the policy was forwarded to Frederick A. Martin Company covering this and the other two cars.
When the policy was delivered to the city clerk for filing it was discovered that the serial and motor numbers above mentioned were the serial and motor numbers of a car which Parrette by bill of sale in evidence sold to one Michael Mansolino on May 24th, 1938, and from which the 1938 license plates issued by the state were removed and placed upon Packard car, 1934, serial No. 714330, engine No. 378130. These license plates were on the car on June 7th, 1938, when it was involved in an accident resulting in injury to the defendant Aladar Brokes. No application was made by Parrette to the Motor Vehicle Department for the transfer of the license plates until June 8th, the day after the accident.
When the error in the policy was brought to the attention of the broker, Frederick A. Martin Company, Mrs. Sommers, the treasurer of the company, says she found that the serial and motor numbers set forth in the letter to the Citizens Casualty Company of New York on May 27th, 1938, had been copied by her from the Eureka Casualty Company policy and contained by error the serial and motor numbers of the automobile sold by Parrette to Mansolino; that she then changed the serial and motor numbers in the policy to correspond with the car owned by Parrette and wrote a letter dated June 1st, 1938, to the Citizens Casualty Company of New York advising it of the error she had made and also the fact that she had made the correction in the policy. A copy of the letter which she says she wrote was introduced in evidence *Page 330 
without objection, but there is no proof that the original thereof was actually mailed or received by the Citizens Casualty Company of New York. Mrs. Sommers testified that she could not say that she actually mailed the original or that the letter was actually placed in the mails by anyone on behalf of the broker, Frederick A. Martin Company. On the other hand, the receipt of such letter is denied by the defendant insurance company.
It was on June 7th, 1938, that the taxicab so incorrectly described in the policy by mistake of the broker was involved in the aforementioned accident causing injury to the defendant Aladar Brokes, for which injury he later obtained a judgment for $5,500 against Parrette in the Union county court of common pleas.
There exists in law a distinction between mere insurance brokers whose business it is to place insurance for the insured, and an authorized and acknowledged agent of the insurance company, who has authority to issue policies. Ordway v. Chace,57 N.J. Eq. 478, 481; 42 Atl. Rep. 149; Koch v. CommonwealthInsurance Company of New York, 87 N.J. Eq. 90; 99 Atl. Rep. 920;affirmed, 88 N.J. Eq. 344; 102 Atl. Rep. 3. In the instant case the Frederick A. Martin Company was acting as an insurance broker which made it the agent of the insured, Parrette, and not the agent of the defendant company. The mistake in the policy was made by Mrs. Sommers the treasurer of the insurance broker and to that extent, the agent of the complainant. The broker had no authority to correct the policy from the defendant company and in so doing performed an unauthorized act.
Reformation, as an equitable doctrine, proceeds upon the theory that the minds of the parties to an agreement have met, but that a mutual mistake has been made in expressing that agreement. Where the mistake is unilateral and the minds of the parties have not met, no reformation will follow. The law on the subject is well settled, and it is only a question of the application of the law in each case. The rule is that proof must be made that there was a mutual mistake, in that the contract was not drawn as both parties intended it should be. Mistake on one side may be ground to rescind the contract; *Page 331 
but an executed contract, such as a policy of insurance, cannot be rectified, so as to be changed by a court of equity to another contract than that which the parties have signed, on the ground of mistake, unless it is shown to have been a mistake of both parties. Dougherty v. Greenwich Insurance Co.,33 Atl. Rep. 295; Klass v. Boston Insurance Co., 103 N.J. Eq. 521;143 Atl. Rep. 815; affirmed, 104 N.J. Eq. 492; 146 Atl. Rep. 915.
The evidence in this case established the existence of a mistake, solely and peculiarly on complainant's part through his insurance broker — a unilateral and not mutual mistake — for which, in the absence of any proof of fraud or imposition, which is not here claimed, this court will not decree a reformation.By-Fi Building and Loan Association v. New York Casualty Co.,116 N.J. Eq. 265; 173 Atl. Rep. 90; Kuller v. Fire Associationof Philadelphia, 124 N.J. Eq. 473; 2 Atl. Rep. 2d 609.
I will advise decree dismissing the bill of complaint.