This is a suit brought to reform a policy of fire insurance issued by defendant corporation to complainant. The policy contained a provision it should be void in the event of foreclosure of a mortgage on the insured premises. There was such a foreclosure, the building on the premises was subsequently destroyed by fire and defendant insurance company denied liability under the policy. An action at law as instituted by the present complainant and the insurance company interposed the defense that its liability had been terminated by the foreclosure proceedings in accordance with the terms of the policy. Complainant thereupon brought the present suit and the action at law has been stayed pending the determination of this court. This suit proceeded to final hearing on the bill of complaint which in substance is based on allegations of mutual mistake and further based on alleged grounds of public policy.
The reformation sought consists in the insertion in the policy of a waiver of the provision that foreclosure shall void the policy. To secure reformation of a contract on the ground of mistake it is well settled that either the mistake must be mutual or that there is a mistake on the side of one party together with fraud or at least inequitable conduct on the side of the other party. By-Fi Building and Loan Association v. New YorkCasualty Co., 116 N.J. Eq. 265, and cases therein cited; Sardo
v. Fidelity and Deposit Co., 100 N.J. Eq. 332; Berkowitz v.Westchester Fire Insurance Co., 106 N.J. Eq. 238.
The evidence adduced at the final hearing showed neither mutual mistake nor any fraud or imposition by defendant Danner, the agent who wrote the policy. There was no evidence *Page 333 
that the question of whether the policy contained or was to contain a waiver was ever discussed at the time the policy was written. There can therefore be no relief granted to complainant on the ground of reformation by reason of mistake. It is equally clear that complainant is not entitled to relief on the ground of public policy. It is contended on behalf of complainant that in view of circumstances which have obtained since the great depression which began ten years ago, certain permissive legislation since that time, and certain practices which have obtained in the fire insurance business, this court must as a matter of public policy construe the insurance policy involved herein as though it contained the waiver disregarding foreclosure, which in fact is not in the policy.
In my opinion this contention is wholly unsound. By legislative enactment, a standard form of fire insurance policy was set up, which, among other provisions, contains a clause to the effect that foreclosure voids the policy. This particular provision has never been repealed and was in full force and effect when the policy in question was written. The statute further provides that any policy issued contrary to its provisions shall nevertheless be binding upon the insurance company. It has been construed by our courts as providing that insurance companies may bind themselves by waiving provisions in their favor so as to increase their liability to the insured, but that on the contrary they may not insert provisions decreasing their liability to the insured.Cordies v. Westchester Fire Insurance Co., 92 N.J. Law 108;Buckman v. Home Insurance Co., 117 N.J. Law 138.
At the final hearing it was shown that before the time the policy in suit was written it had been the practice of the insurance companies in this state to insert a waiver of the foreclosure provision, and the ordinary form in use at the time of the writing of the policy in suit contained such a waiver. In fact, one of the old forms without the waiver was used. There was no requirement, legal or otherwise, that the rights of complainant should be extended by the use of the new form, rather than the old one, in complete absence of any proof that there was any discussion on this point. The policy *Page 334 
actually written was in accord with the provisions of the statute and there can be no reason on the ground of public policy why a contract should be written by the court for the parties, which would in fact change the rights determined by the statute.
Complainant has substantially abandoned the ground of mistake set up in the bill of complaint by now asking the court to amend the bill by striking out the prayer for reformation and praying for injunctive relief against the defense interposed in the action at law, on what are claimed to be equities entitling complainant to relief. But as appears from the foregoing statement of the testimony before the court, no such grounds exist. So far as appears from the testimony, complainant received a policy no different from what she asked for from the insurance company. The mere fact that if she had asked for a different form of policy she might have received it, or that other people were receiving a different form of policy, does not justify this court in writing a policy for the parties other than they actually made. Complainant has wholly failed to show any ground for relief since the application for amendment was to conform the pleadings to the facts claimed to have been shown at the final hearing, and these facts show no ground for relief. The application to amend will be denied and a decree entered dismissing the bill.